668 P.2d 902

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–90454.**

**No. 1 CA–JUV 197.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 9, 1983.

Ross P. Lee, Maricopa County Public Defender by Maria Regina, Deputy Public Defender, Phoenix, for appellant.

Thomas E. Collins, Maricopa County Atty. by Sandra L. Janzen, Deputy County Atty., Phoenix, for appellee.

## OPINION

HAIRE, Judge.

This is an appeal from an order transferring the juvenile for prosecution as an adult on a charge of child molestation. The juvenile presents two grounds for his appeal:

(1) The juvenile court applied an improper standard to determine whether the juvenile is amenable to treatment or rehabilitation as a delinquent child through available facilities; and

(2) The juvenile court commented on the juvenile's right to remain silent.

We proceed to discuss each ground.

After a hearing held pursuant to Rule 14, Rules of Procedure for the Juvenile Court, 17A A.R.S., the juvenile court made the requisite findings for transfer. Rule 14(b) reads as follows:

"(b) The court may transfer the action for criminal prosecution to the appropriate court having jurisdiction of the offense if the court finds probable cause and reasonable grounds to believe that:

"(1) The child is not amenable to treatment or rehabilitation as a delinquent child through available facilities; and

"(2) The child is not commitable to an institution for mentally deficient, mentally defective or mentally ill persons; and

"(3) The safety or interest of the public requires that the child be transferred for criminal prosecution."

The juvenile contends that the juvenile court applied an improper standard to reach the finding required by Rule 14(b)(1) because the court considered the juvenile's denial of the alleged acts and the difficulty in treating pedophilia.

▉ The juvenile court should conduct a broad inquiry in making the requisite findings for transfer.

"[T]he court in order to adequately inform itself as to all aspects of the behavioral sciences as they specifically apply to a juvenile, should consider and be receptive to experts in this field."

In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–93117, 134 Ariz. 105, 654 P.2d 39, 44 (App.1982) (quoting In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–72804, 18 Ariz.App. 560, 563, 504 P.2d 501, 504 (1972)). The statements of the juvenile court relating to the difficulty in treating pedophilia, based on expert testimony, are clearly relevant as "aspects of the behavioral sciences as they specifically apply to a juvenile."

▉ Furthermore, the juvenile court should consider factors in addition to opinion evidence.

"However, when we consider the nature of this testimony—the attempt to predict human behavior in a particular individual over a definite period of time—the juvenile court should not be limited solely to such opinion evidence. Rather, the juvenile judge should also properly consider the particular juvenile's track record in the past and his amenability to the juvenile processes that this record discloses."

In the Matter of the Appeal in the Maricopa County, Juvenile Action No. J–93117, supra. The minute entry specifically refers to the difficulty in treating pedophilia and the juvenile's denial under the heading "Amenable to Treatment." Nevertheless, we find that the minute entry, read as a whole, reflects the court's consideration of other appropriate factors. The juvenile court specifically noted the juvenile's "track record" including the juvenile's history of sexual offenses and lack of effective rehabilitation despite treatment in two hospital programs and a one year residential placement. The court also noted a program offered through available facilities, but recognized that its director had not interviewed the juvenile and that the six month old program had not established a performance record on which to base any prediction of possible success with this juvenile. Furthermore, testimony indicated that none of the participants in the program had been diagnosed as pedophiles. In light of these considerations, we find no abuse of discretion by the juvenile court in concluding that the juvenile was not amenable to treatment as a delinquent child, pursuant to Rule 14(b)(1).

The juvenile also contends that the juvenile court in effect commented on his right to remain silent. Specifically, the juvenile maintains that because the transfer was based in part on the juvenile's denial of the offenses and denial of any sexual problems, there has been fundamental error requiring a reversal of the transfer order or alternatively a new transfer hearing. We disagree.

▉ A transfer hearing consists of two parts: the probable cause stage at which

the court determines whether an offense has been committed and whether probable cause exists to believe the juvenile committed the offense alleged, *see* Rule 14(a), Rules of Procedure for the Juvenile Court, 17A A.R.S.; and the transfer stage at which the court determines whether there are reasons to support transfer, *see* Rule 14(b). Testimony on the juvenile's denial occurred during the transfer stage. The juvenile court did not use evidence of denial in considering whether the juvenile committed the offense alleged. Consequently, the court did not draw any adverse inference from the juvenile's silence so as to infringe on the juvenile's privilege against self-incrimination. Rather, the juvenile court noted the denial as particularly relevant to the difficulty of treating the juvenile in evaluating his amenability to treatment as a delinquent child through available facilities.

The transfer order of the juvenile court is affirmed.

BROOKS, P.J., and OGG, J., concur.